IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IDOWU RAJI, | : | No. 3:25cv2208 |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| WARDEN J. GREENE, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Idowu Raji ("Raji") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Raji alleges that the Federal Bureau of Prisons ("BOP") denied him prerelease placement under the First Step Act ("FSA"), the Second Chance Act ("SCA"), and 18 U.S.C. § 3624(c)(2) due to his immigration detainer and his participation in the BOP's Institution Hearing Program ("IHP").  The petition is ripe for disposition and, for the reasons set forth below, the court will dismiss the petition.

I.    **Background**

A.    Raji's Background

Raji is serving a 94-month term of imprisonment imposed by the United States District Court for the District of Maryland for access device fraud, conspiracy to commit access device fraud, and aggravated identity theft.  (Doc.

9-2, Declaration of BOP Case Manager M. Forsburg ("Forsburg Decl.") at 3 ¶ 5; Docs. 9-3, 9-9, Public Information Inmate Data). Raji's projected release date is October 12, 2026, via FSA time credit release. (Id.).

Raji currently has an immigration detainer lodged against him by the Department of Homeland Security. (Doc. 9-2, Forsburg Decl. at 3 ¶ 7; Doc. 9-4, Immigration Detainer – Notice of Action). On June 28, 2022, the Department of Homeland Security issued an Immigration Detainer – Notice of Action reflecting that there was probable cause to believe that Raji was a removable alien based on "[t]he pendency of ongoing removal proceedings" and that a check of federal databases indicates he "either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." (Doc. 9-4, Immigration Detainer – Notice of Action, at 2).

Raji has also been a participant in the BOP's Institution Hearing Program since June 23, 2022.[1] (Doc. 9-2, Forsburg Decl. at 3 ¶ 8).

---

[1] As BOP Case Manager M. Forsburg explains, "[t]he IHP is a coordinated effort between the BOP, Immigration and Customs Enforcement ("ICE"), and the Executive Office for Immigration Review ("EOIR") to provide deportation, exclusion, or removal proceedings to sentenced aliens while incarcerated to avoid further detaining them in an ICE facility after their criminal sentence is completed." (Doc. 9-2, Forsburg Decl. at 3 ¶ 6; see also U.S. Department of Justice, Federal Bureau of Prisons, Program Statement 5111.04, Institution Hearing Program, https://www.bop.gov/policy/progstat/5111.04_cn1.pdf (last visited April 14, 2026)).

B.    Facts Related to the Second Chance Act & First Step Act

On April 24, 2025, Raji's Unit Team conducted an Individualized Needs Plan – Program Review.  (Doc. 9-2, Forsburg Decl. at 3 ¶ 9; Doc. 9-5, Individualized Needs Plan – Program Review, dated April 24, 2025).  Raji was advised that "[i]n accordance with guidance provided by Correctional Program Branch on February 10, 2025, inmates that are Non-U.S. Citizens with Active Detainers should not be referred for RRC placement."  (Id.).  Pursuant to the five factors of the Second Chance Act of 2007, codified at 18 U.S.C. §§ 3621 and 3624, the Unit Team did not recommend RRC/home confinement placement. (Id.).

On December 1, 2025, Raji's Unit Team conducted another Individualized Needs Plan – Program Review.  (Doc. 9-2, Forsburg Decl. at 4 ¶ 11; Doc. 9-6, Individualized Needs Plan-Program Review, dated December 1, 2025).  The Unit Team again reviewed Raji for prerelease placement under the five factors of the SCA.  (Id.).  The Unit Team considered and evaluated the five factors as follows: (1) facility resources: "RRCs have limited bed space availability & must be used judiciously to provide re-entry services to as many [inmates] as poss[ible]"; (2) offense: access device fraud, conspiracy to commit access device fraud, and aggravated identity theft; (3) prisoner: average programming; (4) court statement: no recommendations regarding RRC consideration; and (5) sentencing

3

commission: the United States Sentencing Commission has not issued any policy statements related to BOP prerelease RRC procedure.  (Doc. 9-6, at 4; see also 18 U.S.C. 3621(b)).  The Unit Team further clarified that "[i]n accordance with guidance provided by Correctional Program Branch on February 10, 2025, inmates that are Non-U.S. Citizens with Active Detainers should not be referred for RRC placement."  (Doc. 9-2, Forsburg Decl. at 4 ¶ 11; Doc. 9-6, Individualized Needs Plan-Program Review, dated December 1, 2025).  As a result of the review, the Unit Team did not recommend Raji for RRC placement. (Id.).

Under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), the BOP has applied 365 FSA time credits to Raji's early release, resulting in a full year off his statutory release date.  (Doc. 9-2, Forsburg Decl. at 4 ¶¶ 15-16; Doc. 9-7, FSA Time Credit Assessment).

C.    Claims Raised in the Habeas Petition

In his Section 2241 petition, Raji alleges that the BOP improperly denied him placement in prerelease custody under the FSA, SCA, and 18 U.S.C. § 3624(c)(2) due to his immigration detainer and IHP status.  (Doc. 1). Respondent contends that the Section 2241 must be denied because Raji is not eligible for prerelease placement due to his immigration detainer and IHP status. (Doc. 9).  Alternatively, respondent argues that Raji is not entitled to placement in

4

prerelease placement and the court lacks jurisdiction entertain Raji's petition. (Id.).

## II.    **Discussion**

### A.    Raji's Claim is not Cognizable under Section 2241

Raji is challenging the BOP's alleged failure to designate him to an RRC and the BOP's policy that excludes inmates with an immigration detainer and IHP participants from eligibility for prerelease custody.  (Docs. 1, 2, 10).  However, this Section 2241 challenge, which implicates the execution of his sentence (i.e., where the remainder of his sentence is served), is not cognizable on habeas review.

The core of habeas corpus usually involves a challenge to the fact or duration of confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 487-88, 500 (1973).  In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—prisoners may also challenge the "execution" of their sentences in a petition under 28 U.S.C. § 2241.  See Woodall, 432 F.3d at 241-44.  The Woodall Court acknowledged that "the precise meaning of 'execution of the sentence' is hazy."  Id. at 242.

In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the Court of Appeals clarified the jurisdictional boundaries for execution-of-sentence habeas

challenges.  In Cardona, the Third Circuit considered whether a claim challenging the BOP's decision to transfer the petitioner to the Special Management Unit—a highly restrictive form of confinement—was cognizable in a Section 2241 habeas petition as a claim challenging the execution of the petitioner's sentence. Cardona, 681 F.3d at 535-37.  The court summarized two earlier Third Circuit cases that analyzed what claims could be brought to challenge the execution of a sentence under Section 2241—Woodall and McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010).  The court reasoned that the claims at issue in Woodall and McGee were cognizable because they "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment." Cardona, 681 F.3d at 536.  "That is, both petitions claimed that the BOP was not properly 'put[ting] into effect or carry[ing] out' the directives of the sentencing judgment."  Id. (quoting Woodall, 432 F.3d at 243).  The court in Cardona thus held, "[i]n order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."  Id. at 537. Because the petitioner's claim did not argue that such an inconsistency was present, the court found that he was not properly challenging the "execution" of his sentence and held that it was not a cognizable Section 2241 habeas claim. Id. at 537, 538.

6

Similarly, Raji has not alleged that the BOP's conduct regarding prerelease custody is inconsistent with an express command or recommendation in his judgment of sentence.  Raji's sentencing judgment does not address or discuss prerelease custody.  See United States v. Raji, No. 1:20-cr-369 (D. Md.), Doc. 179).  Accordingly, Raji's habeas petition does not properly challenge the "execution" of his sentence and this court lacks jurisdiction over his claim.  See Cardona, 681 F.3d at 537, 538.  As such, the Section 2241 petition must be dismissed.

B.    Merits of the Petition

Assuming that this court has jurisdiction over the habeas petition, Raji's placement in prerelease custody is purely within the BOP's discretion, he has no right or entitlement to transfer to an RRC or home confinement, and he is not eligible for prerelease placement due to his immigration detainer and IHP status, regardless of the number of FSA time credits he has earned.

**1.    The BOP is responsible for designating the place for an inmate's imprisonment, and Raji is not entitled to prerelease placement**

Transfer of BOP prisoners to prerelease custody is governed by 18 U.S.C. § 3624 and 18 U.S.C. § 3621.  Section 3624 states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable

7

opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).  The decision whether to transfer an inmate to prerelease custody, however, is left to the discretion of the BOP.  18 U.S.C. § 3624(c)(4). When exercising this discretion, the BOP must conduct an individualized assessment of whether an inmate should be transferred to prerelease custody based on the following factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); Woodall, 432 F.3d at 247.

The record in this case clearly establishes that Raji's Unit Team, in its most recent review, gave him individualized consideration consistent with the five factors of § 3621(b) and did not categorically exclude him from prerelease placement.  (Doc. 9-6).  Specifically, the Unit Team considered and evaluated the five factors as follows: (1) facility resources: "RRCs have limited bed space availability & must be used judiciously to provide re-entry services to as many

8

[inmates] as poss[ible]"; (2) offense: access device fraud, conspiracy to commit access device fraud, and aggravated identity theft; (3) prisoner: average programming; (4) court statement: no recommendations regarding RRC consideration; and (5) sentencing commission: the United States Sentencing Commission has not issued any policy statements related to BOP prerelease RRC procedure. (Id. at 4). The Unit Team also noted that Raji has an active detainer. (Id.). After individual consideration was given for the five-factor review, the Unit Team did not recommend Raji for RRC placement. (Id.).

Raji's purported disagreement with the BOP's recommendation does not establish a constitutional violation, as nothing in § 3624 or § 3621(b) entitles an inmate to any guaranteed placement in an RRC. See Woodall, 432 F.3d at 244-51 (holding, in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must."); see also Beckley v. Miner, 125 F. App'x 385, 389 (3d Cir. 2005) (holding, "[i]t is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners.").

### 2. Raji is not eligible for prerelease placement due to his immigration detainer and IHP status

In conducting the five-factor review, Raji's Unit Team also found that he does not qualify for prerelease placement under the SCA due to his immigration

detainer.  (Doc. 9-2, Forsburg Decl. at 3-4 ¶¶ 9-11, 13-14; Docs. 9-5, 9-6).

According to BOP Program Statement 7310.04, "[i]nmates with unresolved

pending charges, or detainers, which will likely lead to arrest, conviction, or

confinement[,]" shall not ordinarily participate in community corrections programs.

(Doc. 9-2, Forsburg Decl. at 4 ¶ 13; <u>see</u> <u>also</u> U.S. Department of Justice, Federal

Bureau of Prisons, Program Statement 7310.04, Community Corrections Center

("CCC") Utilization and Transfer Procedures, at 11,

https://www.bop.gov/policy/progstat/7310_004.pdf (last visited April 14, 2026)).

Additionally, Raji is a participant in the BOP's Institution Hearing Program

and has participated since June 23, 2022.  (Doc. 9-2, Forsburg Decl. at 3 ¶ 8).

Pursuant to BOP Program Statement 5111.04, inmates designated as

participating in the IHP cannot be transferred to RRC placement or home

confinement until their hearing is complete.  (<u>Id.</u> at 3 ¶ 6; <u>see</u> <u>also</u> U.S.

Department of Justice, Federal Bureau of Prisons, Program Statement 5111.04,

https://www.bop.gov/policy/progstat/5111.04_cn1.pdf (last visited April 14,

2026)).  Raji is participating in the IHP and, in line with BOP Program Statement

5111.04, he cannot be transferred until the hearing is complete.  Therefore, he is

not presently eligible for referral to an RRC.

## III.    Conclusion

Consistent with the foregoing, the court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  An appropriate order shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    April 15, 2026

11